UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-3789 PA (GJSx) | Date | May 23, 2017 |
|---|---|---|---|
| Title | David Iny v. Chase Bank, N.A., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| V.R. Vallery | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed on May 19, 2017, by Ocwen Loan Servicing, LLC ("Defendant"), erroneously sued as Ocwen Mortgage Servicing, Inc. (Docket No. 1.)

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over those matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391, 395 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Defendant asserts that the Court has jurisdiction over this action, brought by plaintiff David Iny ("Plaintiff"), based on diversity of citizenship. See 28 U.S.C. § 1332. To invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. A natural person must be a citizen of the United States and be domiciled in a state to establish "state citizenship" for diversity purposes. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). A person is domiciled in the place he resides with the intent to remain or to which he intends to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id.

Here, the Notice of Removal asserts the following:

> Plaintiff alleges that he is an individual residing at 7301 Vista Del Mar #25 Playa Del Rey California. (Compl., pg. 2 lm. [sic] 3). Plaintiff's

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-3789 PA (GJSx) | Date | May 23, 2017 |
|---|---|---|---|
| Title | David Iny v. Chase Bank, N.A., et al. | | |

Complaint does not manifest intent to relocate from this residence. (See generally Compl.). Plaintiff is thus citizen [sic] of the State of California.

(Notice of Removal, ¶ 10.)

"Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857. In this case, Defendant has not affirmatively alleged Plaintiff's actual citizenship. Because an individual is not necessarily domiciled where he resides, Defendant's allegation is insufficient to establish that Plaintiff is a California citizen or the existence of complete diversity. See id. Defendant's allegation that "Plaintiff's Complaint does not manifest intent to relocate" does not establish that Plaintiff has the intent to remain at his residence. Therefore, Defendant has failed to meet its burden to demonstrate that this Court has original jurisdiction over the action.

In addition, a notice of removal must be filed "in the district court of the United States for the district and division within which such action is pending." 28 U.S.C. § 1446(a). Defendant asserts that venue is proper in this Court "because the Complaint was filed in San Diego County, California within this District, and this is the judicial district in which the action arose." (Notice of Removal, ¶ 7.) Contrary to Defendant's assertion, San Diego County is not within the Central District of California. Accordingly, Defendant has not established that the state action was pending within this District when removed, and the Court concludes that the Notice of Removal is procedurally defective.

For the foregoing reasons, Defendant has failed to meet its burden to demonstrate that this Court has subject matter jurisdiction over this action or that removal was procedurally proper. Accordingly, the Court remands this action to Los Angeles County Superior Court, Case No. BC655665. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.